## CIRCUIT COURT OF THE CITY OF SALEM

Alan R. Tempkin et al.

v.

Lewis-Gale Clinic, Inc., et al.

Case No. (Chancery) 89–209

Alan R. Tempkin et al.

v.

Virginia Insurance Reciprocal

Case No. (Chancery) 91–154

BY JUDGE G. O. CLEMENS

March 16, 1992

In this action, Dr. Alan Tempkin and his wife, Teresa Tempkin, have sued Lewis-Gale Clinic, Inc., the Virginia Insurance Reciprocal, and Dr. Victoria Fernandes for conspiracy in restraint of trade, monopolization, conspiracy to interfere with business relations, wrongful interference with business relations, and violation of the Virginia Anti-Conspiracy Statute. Additionally, the Tempkins have sued the Clinic for a breach of the Clinic's employment contract with Dr. Tempkin.

The matter is before the Court at this time on the joint motions of the defendants in the form of special pleas in bar, demurrers and other motions. The issues have been briefed by counsel, and oral arguments were held several months ago. To summarize the various pleas, the defendants assert that Counts 1 and 2 of the Amended Bill of Complaint should be dismissed for one or more of three special pleas, res judicata, estoppel or stare decisis. In addition, the defend-

ants have entered a plea of the statute of limitations to Count 4 (tortious interference), Count 3 (conspiracy to interfere), and Count 9 (conspiracy under § 18.2–499). The defendants have also demurred as to Counts 1, 2, 3, 4, 6 and 9, alleging for various reasons that the plaintiffs have not sufficiently pleaded claims or causes of action to support the types of actions alleged in each of the Counts. In addition, the defendants have moved to dismiss the amended complaint because of misjoinder of both plaintiffs and defendants.

Also, the defendants have alleged in their demurrers that Count 6 of the amended complaint should be severed and stayed and that all issues involving the physicians income guaranty agreement should be arbitrated pursuant to the agreement. In this regard, the defendants ask the court to make the physician income guaranty agreement a part of the pleadings and to consider the same in ruling on these motions and demurrers.

First of all, oyer is granted, and the physician income guaranty agreement is made a part of the pleadings.

Because the defendants have filed these special pleas in bar, demurrers and other motions, discovery in the matter has been stopped until this Court has ruled upon these various pleadings of the defendants. It was clearly the desire and the intention of the defendants that some or all of these pleadings would be dispositive of some of the issues, thus eliminating or reducing some of the substantial anticipated discovery that would be necessary if this case were to go forward.

This Court is mindful of the need for judicial economy and the minimization of efforts when appropriate; however, the Court is also mindful of the rights of the plaintiffs to be given an opportunity to convince the trier of fact that they have been wronged, and the Court is further mindful of the basic proposition of fairness that plaintiffs should not have their cases thrown out of Court prior to trial unless there is no merit shown in the plaintiffs cases from the pleadings filed.

The plaintiffs allege the following facts, and the defendants are deemed to admit these facts for the purposes of these preliminary rulings. On August 26, 1985, Lewis-Gale Hospital, Inc., opened its Rehabilitation Unit. The Hospital hired Radnor Health and Rehabilitation Services, Inc., to recruit a physiatrist to serve as Medical Director of the Rehab Unit, and, to this end, Radnor hired Dr. Temp-

kin as Medical Director. (In addition to the above defendants, the Tempkins originally sued the Hospital and Radnor, but these defendants have since been dismissed.) Dr. Tempkin also signed an employment agreement with the Clinic.

After assuming the position of Medical Director, Dr. Tempkin's relationship with the Clinic began to deteriorate due to certain matters regarding patient referral. In response to this deterioration, Radnor recruited Dr. Fernandes as a second physiatrist and subsequently appointed Dr. Fernandes as Co-Medical Director of the Rehab Unit. Eventually, Dr. Tempkin resigned from the Clinic, and soon thereafter, Radnor terminated Dr. Tempkin as Medical Director of the Rehab Unit.

In addition, the Hospital hired Mrs. Teresa Tempkin, a registered nurse and nurse practitioner, as a nursing instructor and later transferred Mrs. Tempkin to the Rehab Unit. Afterwards, Mrs. Tempkin applied for appointment to the Hospital's Specified Professional Personnel staff as a rehabilitation nurse practitioner assigned under her husband, Dr. Tempkin. However, the Hospital eliminated Mrs. Tempkin's position as a clinical nurse specialist on the Rehab Unit and terminated Mrs. Tempkin after she refused reassignment.

Essentially, the Tempkins argue that, among other things, a monopoly and a conspiracy by defendants to restrain trade and interfere with business relations lie beneath these basic and general facts regarding the employment history of the Tempkins.

A suit with these same basic allegations was filed by the Tempkins in the U. S. District Court which was dismissed by the U. S. District Court, which dismissal was affirmed by the Fourth Circuit Court of Appeals.

The basic issue before this Court at this time is whether or not the plaintiff should be permitted to continue to maintain the antitrust claim under the state law. A great deal of time was spent in the oral arguments, and a great deal of the briefs were devoted to one side emphasizing the similarities in the State suit with the Federal suit and the other side pointing out the differences between the two suits. I have concluded that the Federal claim was dismissed for lack of subject matter jurisdiction, rather than failure to state a cause of action. Because the Federal decision was not a decision on the merits, 1 do not feel that I can, at this stage of the proceedings, throw out the plaintiff's antitrust claim on the basis of the dismissal of the Federal

suit. I am persuaded by the discussion in the cases cited by the plaintiffs that all of the discussion by the Federal Court was surplusage or dicta and was not a part of the findings of the Court. I believe that the plaintiffs have a right to convince this Court and/or the trier of the facts of the merits of their state antitrust claim. For these reasons, I do not find as a matter of law that the state antitrust claims are barred either by res judicata, estoppel, or stare decisis.

Having made the threshold decision that the state antitrust claim should go forward, I have decided that discovery should proceed regarding all aspects of the plaintiffs' bill of complaint, and accordingly, I deny the defendant's demurrers regarding whether or not an antitrust claim has been stated or whether injury has been shown. The Court finds that the plaintiffs have made the necessary allegations to permit them to proceed to trial and to attempt to prove with relevant evidence the allegations contained in their pleadings.

The Court is likewise not persuaded by the argument of the defendants that Counts 3 and 4 do not state claims for either conspiracy or tortious interference with contract rights or that Count 9 does not state a cause of action under § 18.2–499. The court is persuaded by arguments by the plaintiff and finds that the allegations are sufficient to withstand the defendants' demurrers. In other words, the defendants have not persuaded the Court that the plaintiff's actions should be thrown out at this stage.

Regarding the other issues raised by the defendants, the pleas of the Statute of Limitations to Counts 3, 4, and 9, the motions to dismiss or sever for misjoinder or multifariousness, and the motion to sever and stay for arbitration under the income guarantee agreement, these are all taken under advisement by the Court for later decision. It will be more appropriate to decide these issues after discovery has been completed or even after evidence is presented. Obviously, any decision on separate trials will have to be made before trial dates can be finalized.

The right is also reserved to the defendants to test the sufficiency of these various Counts and claims on an individual basis as further discovery is ascertained and as the case proceeds onward to trial. In the meantime, however, the Court finds that the defendants have not shown, as a matter of law, that any of the claims or counts of the plaintiffs should be dismissed.

September 4, 1992

After Ms. Henry's letter of August 3, 1992, and the conference on August 4, 1992, I have re-reviewed the above files and my hearing notes and research notes to satisfy myself that I did fairly consider the arguments advanced by Ms. Henry on behalf of TVIR.

It is true that when I set up my sketch outline of the issues for research and disposition, I used the format developed by the attorneys present at the oral arguments when TVIR counsel was not present. I did, however, review and consider the briefs filed by TVIR in my evaluation of the various issues. I could and should have made a modification of my sketch outline to personalize it to include TVIR.

I was looking at the overall allegations made by the plaintiffs, and I tried to list the basic counts with the various defensive pleadings raised by the different defendants. I felt then, as I still do, that I could not, upon a review of the pleadings, say that the plaintiffs should not be permitted to attempt to prove their allegations at trial. Specially regarding TVIR, I felt then, and still feel, that the defendants have made sufficient allegations of conspiracy of TVIR with the other defendants to permit them to continue with their suits.

We do have two suits pending because of the problems with the lack of earlier service on TVIR and the nonsuit, but I believe it has been agreed by all parties that the suits would be treated as one. This is what I intended to do in my opinion letter of March 16, 1992.

I personally may have some doubt about the sufficiency or validity of some of the allegations, especially concerning Mrs. Tempkin's claims against TVIR, but the allegations have been made and they should have the opportunity to attempt to thus convince the fact finder.

Therefore, I am not willing to reconsider my decision at this time and will enter the order as tendered by Mr. Edwards.